a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNULA BOO-SHAWN ABEBE #17319-171, Petitioner | CIVIL DOCKET NO. 1:23-CV-00595 SEC P |
| VERSUS | JUDGE DRELL |
| WARDEN GARRETT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 1651(a) filed by pro se Petitioner Unula Boo-Shawn Abebe ("Abebe"). Abebe is incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Abebe's Petition is meritless, it should be DENIED and DISMISSED WITH PREJUDICE.

## I. Background

Abebe was convicted of two counts of communicating threats to the President of the United States. *See United States v. Abebe*, 3:09-CR-251 (D. S.C.). He was sentenced to two five-year terms of imprisonment. *Id.* at ECF No. 95. The Judgment provides that the two terms of imprisonment shall run consecutive to one another and "consecutively to the undischarged term of imprisonment" that Abebe was serving in the South Caroline Department of Corrections. *Id.*

Abebe seeks an immediate release from custody.[1]  He claims that the judge intended for him to serve only 60 months—or one five-year term.  According to Abebe, the judge's intent was clear in the sentencing transcript.  ECF No. 1 at 7.  Abebe alleges that "the sentencing judge did '<u>not</u>' state that my two 60 month terms are to be served consecutive of each other. . . ."  *Id.* at 6.

Abebe alleges that he challenged the BOP's computation repeatedly from 2017-2023, but "no one was responding, net even General Counsel in D.C."  *Id.*at 2.

## II.    <u>Law and Analysis</u>

Abebe presents his claim under § 1651(a), which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  However, because he seeks a speedier release from custody due to errors in the computation of his sentence, his claim arises under 28 U.S.C. § 2241.  *See Pack v. Yusuff*, 218 F .3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted).    Therefore, his Petition is construed as one under § 2241.

A § 2241 petitioner "must first exhaust his administrative remedies through the Bureau of Prisons."  *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*,

---

[1] Abebe recently filed a duplicative habeas Petition—1:23-CR-868.

956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). The BOP has a four-step process for resolving complaints by prisoners. *See* 28 C.F.R. § 542.10. Initially, a prisoner must attempt to informally resolve the complaint with staff using a form BP-8. *Id.* at § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy (BP-9) to the Warden. *Id.* at § 542.14. If the prisoner is unsatisfied with the warden's response, he may appeal to the Regional Director (BP-10). *Id.* at § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel (BP-11), which is the final administrative appeal in the BOP remedy process. *See id.* Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

Exceptions to the exhaustion requirement may be appropriate only "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Such exceptions apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating circumstances warranting the waiver of the exhaustion requirement. *Id.*

Abebe claims that he received no response from any level over the course of seven years. He did not attach copies of any properly filed administrative remedy forms submitted at any level. Nevertheless, even assuming this is true and that his attempts at exhaustion are futile, Abebe's Petition is meritless.

The Judgment in Abebe's criminal case expressly states:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of Five (5) years, as to each of Counts One and Two **to run consecutive** to each other. This sentence shall run **consecutively** to the undischarged term of imprisonment the defendant is presently serving in the South Carolina Department of Corrections.

*United States v. Abebe*, 3:09-CR-251 (D. S.C.), ECF No. 95 (emphasis added).

Moreover, although Abebe claims the Judge stated differently at the sentencing hearing, a review of the transcript filed in the criminal case proves otherwise. The transcript reads:

> In this case, numbered 09-251, the United States of America versus Unula Boo Shawn Abebe, having calculated and considered the advisory sentencing guidelines, and having also considered the relevant statutory sentencing factors contained in Title 18 United 12 States code, Section 3553(a), it is the judgment of the court that the defendant Unula Boo Shawn Abebe, is hereby committed to the custody of the Bureau of Prisons to be imprisoned in accordance with the statute pursuant to which he was indicted and tried, that is to say Title 18 United States Code, Section 871 to sentences of five years as to each of the two counts concerning which he was convicted. That is to say, **five years for count one and five years for count two, to run consecutive to each other.**
>
> The defendant shall pay the mandatory assessment of a hundred dollars as to each count. By reason of the financial information made known to me I determine he is unable to pay the mandatory assessments and will direct that that be waived.
>
> So that's five years as to count one and five years as to count two. Now, **these sentences shall run consecutively to the undischarged term of imprisonment the defendant is presently serving** in the South Carolina Department of Corrections.

*Abebe*, 3:09-CR-251 (D. S.C.), ECF No. 116 at 18-19 (emphasis added).

Thus, the transcript is consistent with the Judgment. Abebe's Petition is meritless under § 2241. Likewise, he offers no viable argument for relief under § 1651.

## III.  Conclusion

Because Abebe is not entitled to habeas relief, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, July 20, 2023.

_____

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE